United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 6, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 02-41308
Summary Calendar**

**ASH BABATUNDE BAKRE,**

**Plaintiff-Appellant,**

**versus**

**CHRISTOPHER IVINS, Individually and in his
official capacity as Correctional Officer 3;
BLAKE LAMB, Individually and in his official
capacity as Sergeant,**

**Defendants-Appellees.**

**Appeal from the United States District Court
for the Eastern District of Texas
(9:99-CV-140)**

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges

PER CURIAM:[*]

Ash Babatunde Bakre, Texas state prisoner # 784509, appeals, *pro se*, from the judgment adopting the jury's verdict and dismissing with prejudice his 42 U.S.C. § 1983 compliant for excessive force by correctional officers.

Bakre contends that the district court erred by failing to require Defendants to produce Bakre's x-rays for trial and by not allowing the jury to view all of Bakre's exhibits. The jurors

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reviewed the radiologist's reports interpreting the x-rays and heard testimony from a doctor interpreting the reports. Further, Bakre is mistaken in his assertion that the jurors were not permitted to see his exhibits; all of the medical records introduced at trial were sent to the jury room during deliberations. The evidentiary rulings were not an abuse of discretion. *Polanco v. City of Austin, Tex.*, 78 F.3d 968, 982 (5th Cir. 1996).

Bakre further contends that the district court denied him due process by allowing Defendants to question him about his underlying 1997 criminal conviction for murder. The district court did not abuse its discretion in admitting evidence of Bakre's felony conviction; it was proper impeachment evidence. *See* FED. R. EVID. 609(a); *Polanco*, 78 F.3d at 982.

Bakre next asserts that the district court's failure to subpoena certain medical witnesses affected the outcome of the jury verdict; however, the written reports of the uncalled witnesses were read into the record and were also interpreted by a medical doctor. The district court did not abuse its discretion in permitting the trial to proceed without these witnesses. *Gibbs v. King*, 779 F.2d 1040, 1047 (5th Cir. 1986).

Finally, Bakre contends that the judgment was contrary to the law and evidence. Bakre did not move for judgment as a matter of law at the conclusion of the evidence or after the jury reached its

2

verdict.  Accordingly, "if any evidence exists that supports the verdict, it will be upheld".  ***Flowers v. Southern Regional Physician Services, Inc.***, 247 F.3d 229, 238 (5th Cir. 2001).  Defendants testified that  Bakre refused to obey an order, kicked and screamed when Defendants tried to handcuff him, and had to be brought to the floor in order to be restrained.  Therefore, the requisite "any evidence" supports the jury's determination that the Officers did not use excessive force and that an objectively reasonable Officer would have found the conduct acceptable under the circumstances.  *See **Spann v. Rainey***, 987 F.2d 1110, 1115 & n.7 (5th Cir. 1993).

**AFFIRMED**